IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James C. Whaley, #357132,<br><br>    Plaintiff,<br><br>v.<br><br>Multiple unknown defendants, Dr. Williams, Lt. Kudron, *Shift Supervisor*, *ACSD*, Nurse Amy Reagan, Cpl Leapord, Cpl. Brooks, Mr. Ramos, *former ACSO Deputy*, Bowman, *security Lt. at ACDC*, Mike Hunt, *Sheriff*, Lt. Clamp, Lt. Hardy, Nick Gallam, *Captain*, Deputy Burnett, Daniel Bussey, *Deputy*, Timothy Mealing, *Deputy*, Craig Hallet, *Deputy*, Sgt. Starke, Lt. Bradley, Cpl. Gibson, Mr. Rivers, Sgt. Arthurs, Southern Health Partners, and Ms. Buggs,<br>    Defendants. | C/A No. 4:22-cv-4469-JFA-TER<br><br>**ORDER** |

  This matter comes before the Court on Plaintiff, James C. Whaley, #357132 ("Plaintiff") Motion for an Extension of Time, Suspension of Report and Recommendation, and Emergency Hearing. (ECF No. 58).

  For background, Plaintiff filed the initial Complaint in this action on December 27, 2022. (ECF No. 4). On this same day, Plaintiff filed a Motion to Appoint Counsel (ECF No. 5) which the Magistrate Judge later denied on January 19, 2023. (ECF No. 12). After the issuance of a Proper Form Order (ECF No. 11), Plaintiff filed an Amended Complaint on March 20, 2023. (ECF No. 19). On March 30, 2023, Plaintiff filed another Motion for Appointment of Counsel which the Magistrate Judge also denied. (ECF No. 25). Then, on April 21, 2023, Plaintiff appealed the Magistrate Judge's ruling on his Motion to Appoint

Counsel. (ECF No. 35). On May 11, 2023, the Magistrate Judge issued a Report and Recommendation in this case (ECF No. 52) which recommends this Court partially dismiss the Complaint. In a separate docketed Order, the Magistrate Judge authorized issuance and service of process on the remaining Defendants for the existing claims. (ECF No. 49).

Now, Plaintiff comes before this Court requesting it provide him with copies of certain documents on the docket, grant him an extension of time to respond to the Report and Recommendation, provide him with an emergency hearing due to a medical concern, and stay this case until the Fourth Circuit resolves his appeal. (ECF No. 58). This Court will address each request in turn.

First, Plaintiff has requested copies of his Amended Complaint (ECF No. 19) and Motion to Amend the Complaint (ECF No. 46). Plaintiff does not clearly articulate the reason he requires copies of these documents as he simply states they are needed for "accurate pleading." *Id.* at 1. Nonetheless, if Plaintiff requires such documents to be able to effectively object to the Report which is his right, this Court will grant such request. The clerk shall mail Plaintiff a copy of his Amended Complaint including all exhibits (ECF No. 19).[1]

Second, Plaintiff requests this Court grant him an extension to respond or object to the Report and Recommendation which was entered on the docket on May 11, 2023. (eCF No. 52). The Report advised Plaintiff he had a right o file objections to the Report by May

---

[1] A review of the docket reveals that Plaintiff's Motion to Amend the Complaint (ECF No. 46) was included in his Amended Complaint as an exhibit (ECF No. 19-4). Therefore, by providing Plaintiff with the Amended Complaint, he will also receive the other document he requests while also preserving court resources.

25, 2023. *Id.* Although Plaintiff does not specify the length of extension needed, this Court will grant Plaintiff an extension of thirty (30) days to file any objections he may have to the Report and Recommendation.

Third, Plaintiff requests an "emergency evidentiary hearing for medical care." (ECF No. 58 at 2). Plaintiff provides no further explanation as to the reason he requires such hearing. Additionally, an emergency hearing is not an avenue of relief available for Plaintiff based on the underlying allegations of this case.

Finally, Plaintiff requests this Court stay his case pending the resolution of his appeal to the Fourth Circuit Court of Appeals. (ECF No. 35). On March 30, 2022, Plaintiff filed a Motion to Appoint Counsel (ECF No. 24), and the Magistrate Judge denied Plaintiff's Motion. (ECF No. 25). In the Order, the Magistrate Judge explained that there is no right to appointed counsel in cases arising under 42 U.S.C. § 1983. *Id.* Nonetheless, Plaintiff appealed the Magistrate Judge's ruling. (ECF No. 35). Now, Plaintiff argues this Court lacks jurisdiction over this action and must enter a stay of this case until the Fourth Circuit resolves his appeal. The Fourth Circuit has made clear that it only has jurisdiction over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1291; Federal Rule of Civil Procedure 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). An order denying a litigant's motion to appoint counsel "is neither a final order nor an appealable interlocutory or collateral order." *Goodman v. Johnson*, 606 F. App'x 82 (4th Cir. 2015) (dismissing Plaintiff's appeal of district court's order denying his motion to appoint counsel for lack of jurisdiction); *See also Green v. Prince George's Cnty. Off. Of. Child Support*, 641 B.R. 820, 833-40 (D. Md.

2022), *aff'd*, No. 22-1705, 2023 WL 3051812 (4th Cir. April 24, 2023) (recognizing order denying motion to appoint counsel as non-final and non-appealable). Therefore, this Court denies Plaintiff's request to stay this case.

Therefore, Plaintiff's motion is granted in part and denied in part. (ECF No. 58). Plaintiff shall have thirty (30) days to respond to the Magistrate Judge's Report and Recommendation (ECF No. 52) and the Clerk shall forward Plaintiff a copy of his Amended Complaint including all of the exhibits. *See* (ECF No. 19). Plaintiff's request for an emergency hearing and stay of this case pending the resolution of his appeal in the Fourth Circuit is denied.

IT IS SO ORDERED.

May 31, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge