IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James C. Whaley #357132, | C/A No. 4:22-cv-4469-JFA-TER |
| Plaintiff, | |
| v. | **ORDER** |
| Multiple Unknown defendants, Dr. Williams, Lt. Kudron, *Shift Supervisor*, *ACSD*, Nurse Amy Reagan, Cpl Leapord, Cpl. Brooks, Mr. Ramos, *former ACSO Deputy*, Bowman, *security Lt. at ACDC*, Mike Hunt, *Sheriff*, Lt. Clamp, Lt. Hardy, Nick Gallam, *Captain*, Deputy Burnett, Daniel Bussey, *Deputy,* Timothy Mealing, *Deputy*, Craig Hallet, *Deputy*, Sgt. Starke, Lt. Bradley, Cpl. Gibson, Mr. Rivers, Sgt. Arthurs, Southern Health Partners, and Ms. Buggs, | |
| Defendants. | |

### I.     INTRODUCTION

Plaintiff, James C. Whaley ("Plaintiff"), proceeding *pro se* and *in forma pauperis* is a civil pretrial detainee alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"), which opines this Court partially

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The

1

dismiss the Complaint. (ECF No. 52). Specifically, the Report recommends this Court summarily dismiss with prejudice and without issuance and service of process Defendants Dr. Williams, Southern Health Partners, Nick Gallam, Mike Hunt, Mr. Rivers, Lt. Bradley, Sgt. Starke, "multiple unknown defendants," Bowman, and Sgt Arthurs, and also, claims #1, 2, 3, 5, 9, 10, and 11. *Id.* In a separately docketed Order, the Magistrate Judge authorized the issuance and service of process on the remaining Defendants Buggs, Bussey, Mealing, Hallet, Clamp, Hardy, Bradley, Kudron, Brooks, Leapord, Burnett, Gibson, Ramos, and Reagan and claims #4, 6, 7, and 8. (ECF No. 54). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on June 26, 2023. (ECF No. 63). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not

---

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

3

## III.     DISCUSSION

Plaintiff has asserted 11 claims against twenty-one individually named Defendants for violations of his constitutional rights pursuant to § 1983. The Report walks through each claim as numbered in Plaintiff's Amended Complaint.[2] This Court has extensively reviewed the Report along with the supporting authority and finds the Magistrate Jude correctly finds that the Complaint should partially dismissed as to claims #1, 2, 3, 5, 9, 10, and 11 asserted against Defendants Dr. Williams, Southern Health Partners, Nick Gallam, Mike Hunt, Mr. Rivers, Lt. Bradley, Sgt. Starke, "multiple unknown defendants," Bowman, and Sgt Arthurs. The Report's reasoning and conclusion as to each claim is incorporated herein. Plaintiff has lodged three objections to the Report which this Court will address in turn.

First, Plaintiff objects that the Report's "threshold is barred by clear error on the face of it." (ECF No. 63 at 1). Plaintiff argues the Report utilizes the "PLRA" as its standard of review which is inapplicable because Plaintiff is a pretrial detainee. Plaintiff's argument refers to the language at the beginning of the Report stating "[t]his review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996…" (ECF No. 52 at 1).

---

[2] On January 19, 2023, the Magistrate Judge previously provided Plaintiff with an opportunity to amend his initial complaint. (ECF No. 11). Plaintiff was forewarned that the Amended Complaint would wholly replace the original Complaint. Id. And on March 20, 2023, Plaintiff availed himself of this opportunity by filing his Amended Complaint. (ECF No. 19). However, some of the deficiencies initially identified persist which necessitated the instant Report and Recommendation which opines this action is subject to partial summary dismissal. (ECF No. 52).

Plaintiff misinterprets the Report's reference to the Prison Litigation Reform Act of 1996. The Prison Litigation Reform Act was created to assist courts with efficiently and effectively handling litigation proceedings initiated by individuals in custody. The Report refers to the Act and §§ 1915 and 1915A because Plaintiff is proceeding in forma pauperis or without payment of fees (§ 1915), and the instant Report is the result of the Magistrate Judge's screening process that he must conduct of complaints filed by Plaintiff, as a pre-trial detainee, to ensure that the asserted claims are cognizable (§ 1915A). Significantly, the Magistrate Judge's standard for review of such claims does not change based on whether the plaintiff or petitioner is a pre-trial detainee or prisoner. While the law applicable to the claims may change based on a plaintiff's status, the standard of review does not. The sole difference between the Magistrate Judge's standard of review and this Court's standard of review is that the Magistrate Judge's decision is not binding. It is solely a recommendation to this Court with no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261 (1976). Once the Report and Recommendation is entered on the docket, this Court conducts a *de novo* review of the specific portions of the Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Thus, Plaintiff's asserted interpretation of the PLRA is incorrect, and his objection is overruled.

Plaintiff's second objection and third objection make a request to amend his Amended Complaint because he "now comprehends how to make claims cognizably plausible & connected to named defendants." (ECF No. 63 at 1). Plaintiff argues his request

should be granted because justice requires it, and such amendment would not prejudice Defendants.

This Court's review is confined to the conclusions contained within the Report and the specific objections made thereto. Plaintiff's request is not an objection, nor can it be interpreted as one. The Report anticipates Plaintiff would make this request and the Report recommends this Court deny it because Plaintiff has already been provided an opportunity to cure the identified deficiencies and Plaintiff availed himself of this opportunity. This Court agrees as it finds that the Magistrate Judge has already provided Plaintiff with an opportunity to cure, and Plaintiff has done so to a certain extent as the Amended Complaint is only being partially dismissed with four remaining claims and fourteen Defendants remaining at this stage. Further, this Court recognizes that Plaintiff has made a separate motion to amend which has been filed on the docket and is currently pending before the Magistrate Judge. The Magistrate Judge may consider such motion along with its supporting grounds to determine whether Plaintiff should be granted a second opportunity to amend. However, to the extent Plaintiff makes such a request within his objections, it is denied.

Therefore, Plaintiff's objections are overruled, and the Report is adopted in full.

IV.    **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, this Court finds the Report correctly concludes that Plaintiff's Complaint should be partially dismissed and as such, it is adopted in full. (ECF No. 52) Therefore, this Court summarily dismisses with prejudice and without issuance and service of process

Defendants Dr. Williams, Southern Health Partners, Nick Gallam, Mike Hunt, Mr. Rivers, Lt. Bradley, Sgt. Starke, "multiple unknown defendants," Bowman, and Sgt Arthurs as well as claims #1, 2, 3, 5, 9, 10, and 11. This case is referred back to the Magistrate Judge for further handling as to the remaining Defendants Buggs, Bussey, Mealing, Hallet, Clamp, Hardy, Bradley, Kudron, Brooks, Leapord, Burnett, Gibson, Ramos, and Reagan as to claims #4, 6, 7, and 8.

      IT IS SO ORDERED.

August 16, 2023         Joseph F. Anderson, Jr.
Columbia, South Carolina     United States District Judge