IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James C. Whaley #357132,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Multiple Unknown defendants, Dr. Williams, Lt. Kudron, *Shift Supervisor*, *ACSD*, Nurse Amy Reagan, Cpl Leapord, Cpl. Brooks, Mr. Ramos, *former ACSO Deputy*, Bowman, *security Lt. at ACDC*, Mike Hunt, *Sheriff*, Lt. Clamp, Lt. Hardy, Nick Gallam, *Captain*, Deputy Burnett, Daniel Bussey, *Deputy,* Timothy Mealing, *Deputy*, Craig Hallet, *Deputy*, Sgt. Starke, Lt. Bradley, Cpl. Gibson, Mr. Rivers, Sgt. Arthurs, Southern Health Partners, and Ms. Buggs,<br><br>　　　　　　　　　　Defendants. | C/A No. 4:22-cv-4469-JFA-TER<br><br><br>**ORDER** |

**I.　　INTRODUCTION**

Plaintiff, James C. Whaley ("Plaintiff"), proceeding *pro se* and *in forma pauperis* is a civil pretrial detainee alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") on Plaintiff's Motion for Default Judgment (ECF No. 86),

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The

1

Defendant Reagan's Motion to Dismiss (ECF No. 91), and Defendant Burnett's Motion to Set Aside Default (ECF No. 96). Because Plaintiff is proceeding pro se, the Magistrate Judge advised him of the procedure for responding to dispositive motions pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975). After receiving Plaintiff's Response in Opposition to Defendant Reagan's Motion to Dismiss (ECF No. 99), the Magistrate Judge issued a Report which opines that Plaintiff's Motion for Default be denied, Defendant Reagan's Motion to Dismiss be denied, and Defendant Burnett's Motion to Set Aside Default be granted. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Magistrate Judge advised Plaintiff of his right to file objections to the Report which was entered on the docket on December 19, 2023. (ECF No. 134). On January 8, 2024, Plaintiff filed objections to the Report. (ECF No. 142). Thus, this matter is ripe for review.

II. **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P.

---

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

2

72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.*

3

(citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

The Report recommends this Court deny Plaintiff's Motion for Default, deny Defendant Reagan's Motion to Dismiss, and grant Defendant Burnett's Motion to Set Aside Default. This Court addresses each Motion and Plaintiff's corresponding objections, if any, in turn.

**A. Plaintiff's Motion for Default**

As to Plaintiff's Motion for Default, Plaintiff asserts Defendants Bussey, Mealing, Hallett, Kudron, Clamp, Hardy, Bradley, Brooks, Gibson, Leapord, Buggs, and Burnett are in default for failing to file a timely answer. However, the Report finds that these Defendants, besides Defendant Burnett, timely filed their Answer on July 21, 2023, after receiving an extension of time to respond to Plaintiff's Complaint. (ECF No. 95-1); *see* Fed. R. Civ. P. 12(a)(1)(A)(i) (allowing 21 days after service of summons and complaint to file an answer); *see also* (ECF No. 68) (order granting Defendant's motion for an extension to time to respond to Complaint). Accordingly, the Report concludes that these Defendants are not in default and recommends Plaintiff's motion be denied.

Plaintiff appears to respond to the Report's conclusion on this basis as his objection states "Defendants Amy Reagan & Kevin Ramos take notice that an entry of default is being made against you." (ECF No. 142, p. 1). Further, Plaintiff appears to assert these Defendants responded "over 130 days" after the entry of the Complaint, and as such, their filings were not timely. Plaintiff's assertions are belied by the evidence presented on the

4

docket. Defendant Ramos was served on July 5, 2023 (ECF No. 78), and he filed his answer on July 25, 2023 (ECF No. 84) which was well within the time limits prescribed by Fed. R. Civ. P. 12(a)(1)(A)(i). The same is true for Defendant Reagan. Defendant Reagan was served on June 28, 2023 (ECF No. 73-1) and on July 13, 2023, Defendant Reagan filed a Motion for Extension of time to respond to the Complaint. (ECF No. 73). On July 19, 2023, the Magistrate Judge granted Defendant Reagan's Motion, and allowed Defendant Reagan an extension until August 18, 2023 to file a response. (ECF No. 74). On August 18, 2023, Defendant Reagan filed an Answer to Plaintiff's Amended Complaint. (ECF No. 90). Because of the Magistrate Judge's grant of an extension of time, Defendant Reagan's Answer was timely.

Thus, to the extent Plaintiff is attempting to object to the Report's conclusion on the basis of holding Defendants in default, and specifically as to Defendants Ramos and Reagan, this Court finds Plaintiff's objection is overruled.

Accordingly, this Court adopts the Report as to Plaintiff's Motion for Default which is denied.

### B. Defendant Reagan's Motion to Dismiss

As to Defendant Reagan's Motion to Dismiss, the Magistrate Judge recommends this Court deny this Motion. (ECF No. 91). In her Motion, Defendant Reagan contends that Plaintiff "has not plead or otherwise indicated that he exhausted his administrative remedies." (ECF No. 91, p. 3). However, the Report finds that lack of exhaustion is an affirmative defense the Defendant has the responsibility of pleading and proving, and in general, a motion pursuant to Rule 12(b)(6) "cannot reach the merits of an affirmative

5

defense" because such a motion tests the sufficiency of a complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Thus, the Report finds it is not clear from the face of the Complaint whether Plaintiff has exhausted his administrative remedies and as such, dismissal under Rule 12(b)(6) is inappropriate.

Plaintiff has not filed an objection to the Report's conclusion on this basis. Accordingly, this Court adopts the Report's recommendation as to Defendant Reagan's Motion to Dismiss in full, and Defendant Reagan's Motion to Dismiss is denied.

### C. Defendant Burnett's Motion to Set Aside Default

Defendant Burnett has filed a Motion to Set Aside Default or Enlarge Time to Answer. (ECF No. 96). As the Report lays out, Defendant Burnett was served on June 9, 2023 making his Answer due on June 30, 2023. Defendant Burnett did not file an Answer or otherwise respond to the Amended Complaint until the deadline for doing so had lapsed. Thus, Defendant Burnett is technically in default.

The Report considers the factors set forth in Payne ex rel. Estate of Calzada v. Brake by the Fourth Circuit Court of Appeals to conclude that this Court should set aside Defendant Burnett's default and accept his Answer which was filed on August 28, 2023. (ECF No. 97).

In his objections, Plaintiff states "Burnett's Answer (ECF No. 97) & Motion (ECF No. 96 et seq.) were served upon me with a file stamp at the top how the court does it. None of the above-named documents were otherwise served to affect service before the filing." (ECF No. 142-1, p. 1). Plaintiff's objection is impossible to decipher, and as such,

6

it fails to point to a specific error in the Report or reason for this Court to decline to adopt the Report's recommendation.

Therefore, this Court adopts the Report's conclusion on this basis and grants Defendant Burnett's Motion to Set Aside Default.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, this Court adopts the Report (ECF No. 134) in full and denies Plaintiff's Motion for Default (ECF No. 86) and Defendant Reagan's Motion to Dismiss (ECF No. 91). Additionally, this Court grants Defendant Burnett's Motion to Set Aside Default. (ECF No. 96). Because this Order does not end this case, this matter is referred to the Magistrate Judge for further handling.

IT IS SO ORDERED.

January 17, 2024
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge