UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMES C. WHALEY, #357132, ) | Civil Action No. 4:22-cv-4469-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | |
| MULTIPLE UNKNOWN DEFENDANTS, ) | **ORDER** |
| DR. WILLIAMS, LT. KUDRON, Shift ) | |
| Supervisor, ACSD, NURSE AMY ) | |
| REAGAN, CPL. LEAPORD, CPL. ) | |
| BROOKS, MR. RAMOS, former ACSO ) | |
| Deputy, BOWMAN, Security Lt. at ACDC, ) | |
| MIKE HUNT, Sheriff, LT. CLAMP, ) | |
| LT. HARDY, NICK GALLAM, Captain, ) | |
| DEPUTY BURNETT, DANIEL BUSSEY, ) | |
| Deputy, TIMOTHY MEALING, Deputy, ) | |
| CRAIG HALLET, Deputy, SGT. STARKE, ) | |
| LT. BRADLEY, CPL. GIBSON, MR. ) | |
| RIVERS, SGT. ARTHURS, SOUTHERN ) | |
| HEALTH PARTNERS, and MR. BUGGS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Presently before the court are Plaintiff's Motion to Compel (ECF No. 115), Motion to Compel (ECF No. 116), Motion for Extension of Time/Copies (ECF No. 130), Motion for Evidentiary Hearing (ECF No. 137), Motion for Sanctions (ECF No. 139), Motion for Extension of Time/Strike (ECF No. 154), and Motion to Withdrew (ECF No. 165). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In Plaintiff's first Motion to Compel (ECF No. 115), Plaintiff seeks an order compelling Defendants Lt. Kudron, Cpl. Leapord (more correctly identified as Leopard), Cpl. Brooks, Mr. Ramos, Lt. Clamp, Lt. Hardy, Deputy Burnett, Daniel Bussey, Timothy Mealing, Craig Hallett, Cpl.

Gibson, and Mr. Buggs (collectively, "ACDC Defendants) to respond to interrogatories he served on August 17, and requests for production he served on August 30 and August 2. The ACDC Defendants served responses to Plaintiff's interrogatories on September 19, and responses to Plaintiff's requests for production on October 2. Plaintiff filed the present motion on November 21.[1] The ACDC Defendants argue that Plaintiff's Motion is untimely. Local Civil Rule 37.01(A) provides that "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due." In this case, Plaintiff did not file his Motion to Compel within 21 days of the September 19, 2023 responses or the October 2, 2023 responses. Accordingly, Plaintiff's Motion is denied as untimely.

In Plaintiff's second Motion to Compel (ECF No. 116), Plaintiff seeks an order compelling Defendant Nurse Amy Reagan to respond to interrogatory # 2, which he served on August 17. Nurse Reagan served responses on September 26. Interrogatory # 2 asks: "Reagan, did you sign ECF No, 4-2 p. 13? Explain in detail why; to include who else signed and initialed it." Nurse Reagan responded, "Nurse Reagan signed the refusal form (at ECF No. 4-2 p. 13) on June 7, 2022 because Plaintiff refused medical treatment on that date. Nurse Reagan does not recall who signed the document as a witness." Plaintiff argues that the response is not proper because counsel responded rather than Nurse Reagan. Federal Rule of Civil Procedure 33(b)(1)(A) requires that interrogatories must be answered by the party to whom they are directed, and subsection (b)(3) requires that the answers be made under oath. Therefore, Plaintiff's Motion is granted to the extent that Defendant Reagan is directed to provide Plaintiff with a verification as to all her interrogatory answers within

---

[1] The Motion is dated November 13; it is postmarked November 16. Regardless of the date used, the Motion was filed more than 21 days after receipt of the latest discovery responses.

ten days of the date of this order.

Plaintiff requested an extension of time to respond to Nurse Reagan's Motion for Summary Judgment. However, Plaintiff timely filed two Responses (ECF Nos. 118, 123) to Nurse Reagan's motion. Plaintiff's Motion for Extension of Time is moot.

In his first Motion for Evidentiary Hearing (ECF No. 137)[2], Plaintiff seeks a hearing because Defendants refuse to provide him with a pencil sharpener. The requested relief is not properly before the court. Plaintiff essentially seeks injunctive relief on an issue not raised in his complaint. Accordingly, the Motion is denied.

In his Motion for Sanctions (ECF No. 139), Plaintiff seeks Rule 11 sanctions against Nurse Reagan and/or her counsel for asserting in her Motion to Dismiss that Plaintiff failed to exhaust his administrative remedies and for asserting that she could not confirm whether he was a civil detainee. Nurse Reagan's Motion has since been denied. See Order (ECF No. 147). Federal Rule of Civil Procedure 11(b) provides as follows:

> Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

[2]Plaintiff's second Motion for Evidentiary Hearing (ECF No. 158) requests a hearing to reconsider an order

Fed.R.Civ.P. 11(b). Subsection (c) of Rule 11 allows a party to move for sanctions for violations of subsection (b). Rule 11 of the Federal Rules of Civil Procedure primarily serves "to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." Scott v. Lori, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (quoting Moody v. Arc of Howard Cty., Inc., 474 F. App'x 947, 950 (4th Cir. 2012)). While the Court has the discretion to impose sanctions for Rule 11 violations, it should do so "sparingly." Id. (quoting Jacobs v. Venali, Inc., 596 F. Supp. 2d 906, 914 n.10 (D. Md. 2009)). The party moving for sanctions bears the burden to demonstrate the specific conduct violates Rule 11(b). Fed. R. Civ. P. 11(c). Plaintiff has not met his burden here. Although Nurse Reagan's legal arguments raised in her Motion to Dismiss were ultimately without merit, Plaintiff fails to present sufficient evidence to show that Nurse Reagan's counsel acted in bad faith in making those arguments. See Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 155 (4th Cir. 2002) (considering whether counsel had a good faith basis to assert her legal position in determining whether Rule 11 sanctions were warranted); see also id. at 151 (stating that asserting a losing legal position is not itself sanctionable conduct) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1977)). Therefore, Plaintiff's Motion is denied.

In Plaintiff's motion docketed as a Motion for Extension of Time (ECF No. 154), Plaintiff seeks to strike the Reply (ECF No. 153) filed by the ACDC Defendants as untimely. However, Defendants requested and were granted an extension of time to file the Reply. Thus, Plaintiff's motion is denied.

In his Motion to Withdraw (ECF No. 165), Plaintiff seeks to withdraw "all allegations that opposing counsel violated Rule 5(d)(1)(A), FRCP. Plaintiff admits that his prior understanding was erroneous." Plaintiff's allegations under Rule 5(d)(1)(A) form the basis for his Motion for Default

Judgment (ECF No. 141). Plaintiff's Motion to Withdraw is granted and the Motion for Default Judgment is moot.

For the reasons discussed above, Plaintiff's Motion to Compel (ECF No. 115) is **DENIED**, Motion to Compel (ECF No. 116) is **GRANTED** as set forth above, Motion for Extension of Time/Copies (ECF No. 130) is **MOOT**, Motion for Evidentiary Hearing (ECF No. 137) is **DENIED**, Motion for Sanctions (ECF No. 139) is **DENIED**, Motion for Extension of Time/Strike (ECF No. 154) is **DENIED**, and Motion to Withdraw (ECF No. 165) is **GRANTED**.[3]

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 23, 2024
Florence, SC

---

[3] As a result, Plaintiff's Motion for Default Judgment (ECF No. 141) is **MOOT**.