UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James C. Whaley *also known as* James C Whaley #357132,<br><br>Plaintiff,<br><br>v.<br><br>Lt. Kudron, *Shift Supervisor, ACSD*, Nurse Amy Reagan, Mr. Ramos, *former ACSO Deputy*, Daniel Bussey, *Deputy*, Timothy Mealing, *Deputy*, Craig Hallett, *Deputy*, Lt. Clamp, Lt. Hardy, Cpl. Leapord, Cpl. Brooks, Cpl. Gibson, Deputy Burnett, Ms. Buggs,<br><br>Defendants. | Case No. 4:22-cv-04469-JFA<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff, James C. Whaley ("Plaintiff"), proceeding *pro se* and *in forma pauperis* is a civil pretrial detainee alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff now asks, in his Final Supplement to Motion for Relief of Judgment, ECF No. 131, that this Court reconsider its decision to dismiss certain defendants *with* prejudice.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which recommended this Court partially dismiss the Complaint. (ECF No. 52). Particularly relevant here, the Report recommended this Court summarily dismiss with prejudice and without issuance and service of process Defendants Dr. Williams, Southern Health Partners, Nick Gallam, Mike Hunt, Mr. Rivers, Lt. Bradley, Sgt. Starke, "multiple unknown defendants," Bowman, and Sgt Arthurs, and also, claims

#1, 2, 3, 5, 9, 10, and 11. *Id.* In a separately docketed Order, the Magistrate Judge authorized the issuance and service of process on the remaining Defendants Buggs, Bussey, Mealing, Hallet, Clamp, Hardy, Bradley, Kudron, Brooks, Leapord, Burnett, Gibson, Ramos, and Reagan and claims #4, 6, 7, and 8. (ECF No. 54). The Report set forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporated those facts and standards without a recitation.

Plaintiff filed objections to the Report on June 26, 2023. (ECF No. 63). Thereafter, the Court issued an Order ruling on the Report and Recommendation. Pertinent to the matter at hand, the Court accepted the Magistrate Judge's recommendation that certain defendants be dismissed *with* prejudice. Plaintiff now asks the Court to reconsider the prejudicial dismissal. (ECF No. 131). Given the nature of the request by Plaintiff, the Court has chosen to construe the Final Supplement to Motion for Relief from Judgment ("hereinafter" Motion), ECF No. 131, as a motion to reconsider.

### III. LEGAL STANDARD

Reconsideration of a judgment pursuant to Rule 59(e) is an extraordinary remedy that should be used sparingly. "There are three circumstances in which the district court can grant a Rule 59(e) motion: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (internal quotation marks and citation omitted). A decision does not qualify for the third exception by being "just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir.

2009) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir.1988)) (cleaned up). It must be "dead wrong." *Sterling Elec.*, 866 F.2d at 233. Additionally, 59(e) motions are not intended to provide an avenue for a losing party to "raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Insurance Co. v. American National Fire Insurance Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## IV.    DISCUSSION

For his part, Plaintiff does not advance a relevant legal or procedural argument regarding the Court's decision to dismiss certain defendants with prejudice. Notably absent from Plaintiff's Motion are arguments pertaining to the merits of dismissal with or without prejudice. Plaintiff does not attempt to explain why dismissal with prejudice is inappropriate, nor does he argue that such a dismissal amounts to a clear error of law by the Court. Instead, Plaintiff discusses various cases relating to conditions of confinement.

The Court notes that the Report found "Plaintiff's allegations fail to state a claim upon which relief could be granted and are subject to summary dismissal; Claimt #11 and Defendants Rivers, Bradley, and Starke are subject to summary dismissal." (ECF No. 52 at 8). The Magistrate Judge went on to note that "There are no allegations in the Amended Complaint as to claims regarding Defendants Williams, Bowman, or Arthurs; Plaintiff fails to state a claim as to Defendants Williams, Bowman, and Arthurs." *Id*. at 10. Similarly, the Report recommended dismissal of "multiple unknown defendants" on the basis that Plaintiff had failed to name specific parties that could be connected to plausible claims for relief. *Id*.

It is important for the Court to note that Plaintiff was notified on January 19, 2023 that he needed to bring his case into proper form or risk dismissal. (ECF No. 11). Thereafter, Plaintiff was given additional time to file an Amended Complaint addressing the previously identified deficiencies in his Complaint. (ECF No. 15). Though Plaintiff filed an Amended Complaint on March 20, 2023, the Complaint failed to cure certain deficiencies. (ECF No. 19). The Court again directed Plaintiff to cure the deficiencies in his Amended Complaint via a Proper Form Order issued on April 25, 2023. However, Plaintiff did not file a second amended complaint. Thus, the Magistrate Judge was forced to consider the deficient Amended Complaint.

Having carefully reviewed the record in this case, the Court concludes that there is no basis to revisit its prior decision to dismiss certain defendants with prejudice. Plaintiff was given multiple opportunities to cure deficiencies in his Complaint, though he ultimately failed to do so.

## V.    CONCLUSION

Having carefully considered Plaintiff's Final Supplement to Motion for Relief of Judgment, ECF No. 131, the Court **DENIES** the Motion.

**IT IS SO ORDERED**.

July 30, 2024                                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                                     United States District Judge